UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| BOBBY IVIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:25-cv-253 |
| | § | |
| PEGASO ENERGY SERVICES, LLC, | § | |
| OLD DOMINION FREIGHT LINE, INC., | § | |
| AND WESLEY HUDSON, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bobby Ivie, Plaintiff in the above-styled and numbered cause of action, and files this Motion for Remand in response to Defendants Old Dominion Freight Line, Inc.'s and Wesley Hudson's (the "Removing Defendants") Notice of Removal and, in support hereof, would show unto this Honorable Court the following:

### I.     BACKGROUND AND SUMMARY OF THE ARGUMENT

1.1     This personal injury action was originally filed in the 385th District Court of Midland County, Texas on October 29, 2024 against Pegaso Energy Services, LLC, which was Plaintiff's employer at the time of the motor vehicle crash made the basis of this lawsuit. It is not disputed that Pegaso's citizenship for diversity and removal purposes is Texas. Pegaso was served with Plaintiff's Original Petition on March 14, 2025, which is also not in dispute. Doc. 1-3, at 59.

1.2     Plaintiff filed his First Amended Petition on April 25, 2025 and added the Removing Defendants as parties. It is not disputed that Old Dominion is a Virginia corporation with its principal place of business in North Carolina or that Hudson is a citizen of the State of

1

Virginia. Old Dominion was served on May 2, 2025. Doc. 1-3, at 66. Hudson was served on May 1, 2025. Doc. No. 1-3, at 69.

1.3     On May 30, 2025, the Removing Defendants filed their Notice of Removal in both Texas state court and this Court. Doc. No. 1. Their sole basis for removal is diversity of citizenship under 28 U.S.C. § 1332. In an attempt to plead around the forum defendant rule, discussed below, the Removing Defendants contend that Pegaso was improperly joined as a defendant because Plaintiff's claims against Pegaso are allegedly barred by the exclusive remedy provision of the Texas Workers' Compensation Act.

1.4     In response, Plaintiff now respectfully moves for this action to be remanded to the 385th Judicial District Court of Midland County, Texas for multiple reasons. First, even if the forum defendant rule, discussed below, does not preclude removal of this action, the Removing Defendants' reliance on the Texas Workers Compensation Act establishes why this case is not removable: while Plaintiff's claims against Pegaso are indeed governed by the Texas Workers Compensation Act, Congress has expressly prohibited the removal of actions arising under state workers compensation law.

1.5     Second, the forum defendant rule prevents a case from being removed to federal court based on diversity jurisdiction if a defendant who is properly joined and served is a citizen of the state where the lawsuit was filed. Here, because Pegaso is a citizen of Texas, the Removing Defendants are improperly attempting to remove this case from Texas state court to this Court – a federal district court of the Western District of Texas. The Removing Defendants' contention that Pegaso was improperly joined is without merit because their mere citation to the exclusive remedy provision of the Texas Workers' Compensation Act without applying any of the pleaded facts to Texas Workers Compensation law, fails to meet their heavy burden of establishing that Pegaso was

improperly joined. Indeed, the facts pleaded by Plaintiff against Pegaso could plausibly support the assertion of the intentional tort exception to the exclusive remedy provision.

1.6    Therefore, this Court should remand this case to the 385th Judicial District Court of Midland County, Texas.

## II.    ARGUMENTS & AUTHORITIES

2.1    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

### A.    Removal and Remand Generally

2.2    A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. *Warren v. Fed. Nat'l Mortg. Ass'n*, 55 F. Supp. 3d 915, 916 (N.D. Tex. 2014) (citing 28 U.S.C. § 1441(a)).

2.3    The removing party has the burden of proof on a motion to remand. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). Removal jurisdiction is subject to strict scrutiny because it "deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co*., 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved in favor of remand and against federal jurisdiction. *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root*, *Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

### B.    Congress has expressly prohibited removal of actions arising under state workers' compensation law.

2.4    Even if the forum defendant rule, discussed below, does not preclude removal of this action, the Removing Defendants' reliance on the Texas Workers Compensation Act establishes why this case is not removable: while Plaintiff's claims against Pegaso are indeed

3

governed by the Texas Workers Compensation Act, Congress has expressly prohibited the removal of actions arising under state workers compensation law.

2.5    Under federal law, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "In an effort to control the ever-increasing flow of compensation cases into already strained federal dockets, Congress declared such actions non-removable." *Trevino v. Ramos*, 197 F.3d 777, 781 (5th Cir. 1999).

2.6    The Fifth Circuit has interpreted Section 1445 "broadly to effectuate Congress's policy finding that workers' compensation cases 'have little real business in a federal court.'" *Wagnon v. Kroger Tex., LP*, 762 F. Supp. 3d 509, 511 (N.D. Tex. 2025) (quoting *Kay v. Home Indem. Co*., 337 F.2d 898, 901 (5th Cir. 1964)). "'Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court,' the Fifth Circuit has 'read § 1445(c) broadly to further that purpose.'" *Id*. at 511-12 (quoting *Jones v. Roadway Express, Inc*., 931 F.2d 1086, 1092 (5th Cir. 1991)).

2.7    Here, Plaintiff's negligence and gross negligence claims against his employer, Pegaso, clearly "arise under" Texas workers' compensation law. "Under the Texas Workers' Compensation Act, employers face a choice: they may subscribe to an approved workers' compensation insurance policy, or they may forgo coverage and waive certain common-law defenses in any action by an employee." *Id*. at 511.

2.8    "Because Texas's two-option scheme for employers touches all personal-injury actions by employees against employers, those actions "arise under" that scheme, broadly speaking." *Id*.; *see also Foust v. City Ins. Co.,* 704 F.Supp. 752, 753-54 (W.D. Tex. 1989) ("Texas law confront[s] it with a choice: limited liability without fault to any worker injured on the job or

unlimited liability only in the event of fault, but with no common law defenses .... The choice to depart the general common-law tort system [is] made [upon] hiring workers."). Indeed, numerous courts have held that both subscriber and non-subscriber personal injury actions by employees against their employers arise under the Texas Workers' Compensation Act. *Wagnon*, 762 F. Supp. 3d at 512-14 (collecting cases and granting remand under Section 1445(c)); *Ernewayn v. Home Depot U.S.A., Inc.*, No. EP-12-CV-00387-DCG, 2012 WL 12878298, at *6-8 (W.D. Tex. Dec. 3, 2012) (collecting cases and granting remand under Section 1445(c)).

2.9     *Del Carmen Esparza v. Jozwiak*, 391 F. Supp. 2d 504 (E.D. Tex. 2005) is both analogous and instructive. There, the surviving passengers of a vehicle collision, as well as the personal representatives of the deceased driver, sued the passengers' and driver's Texas-based employer and other diverse parties for negligence and gross negligence in Texas state court. *Id*. at 506-07. The defendants removed, arguing, as do the Removing Defendants here, that the employer was improperly joined as a defendant to defeat diversity because the plaintiffs' claims against it were barred by the Texas Workers' Compensation Act. *Id*. The plaintiffs moved to remand, advancing the same arguments set forth above. *Id*.

2.10     The district court addressed the Section 1445(c) issue first and held that the plaintiffs' claims arose under the Texas Workers' Compensation Act and, therefore, could not be removed to federal court pursuant to 28 U.S.C. § 1445(c). *Id*. at 507-08.

2.11     Notably, the district court ended its inquiry there and ordered the case remanded. *Id*. Regarding the improper joinder issue, the district court concluded that "[s]ince this case must be remanded to state court pursuant to 28 U.S.C. § 1445(c), the issue of improper joinder is moot. Accordingly, the court is not required to address the Defendants' improper joinder arguments." *Id*. at 508.

2.12    Here, as discussed above and as in *Del Carmen Esparza*, Plaintiff's negligence and gross negligence claims against his employer, Pegaso, clearly "arise under" the Texas Workers' Compensation Act. Thus, such claims are clearly not removable pursuant to Section 1445(c), which is separate and independent basis for remand from the forum defendant rule, discussed below. As a result, the Court can remand this case solely based on 28 U.S.C. § 1445(c), and without regard to the forum defendant rule and improper joinder arguments. *Del Carmen Esparza*, 391 F.Supp.2d at 508.

**C.    The forum defendant rule also precludes removal.**

2.13    A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought. 28 U.S.C. § 1441(a); *Texas. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc*., 955 F.3d 482, 485 (5th Cir. 2020). In diversity cases, there is an additional limitation on removal, known as the forum defendant rule:

> A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2); *Texas Brine*, 955 F.3d at 485.

2.14    Here, the forum defendant rule precludes removal because Pegaso is a citizen of the State of Texas and was properly joined and served. The Removing Defendants acknowledge that Pegaso's status as a citizen of Texas precludes removal but contend that Pegaso was improperly joined because Plaintiff's claims are allegedly barred by the exclusive remedy provision of the Texas Workers' Compensation Act, Tex. Labor Code § 408.001.

2.15    "A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co.*,

385 F.3d 568, 574 (5th Cir. 2004) (en banc). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id*. at 573. "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court." *Id*. at 576.

2.16     "Given this focus, we have recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003)). Regarding the latter, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

2.17     The Removing Defendants' mere recitation of the exclusive remedy provision does not meet their heavy burden to establish that there is no possibility of recovery by Plaintiff against Pegaso or that there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Pegaso. As pleaded in his First Amended Petition, the factual bases for Plaintiff's claims against Pegaso are that (i) Pegaso knew that the vehicle at issue had mechanical issues that made it unsafe to drive, (ii) yet nevertheless specifically directed that Plaintiff operate the vehicle, and (iii) Pegaso had a subjective awareness that such acts and omissions would result in injuries to Plaintiff. Doc. No. 1-3, at 43-44 & 46-48. Such allegations, if taken as true in a 12(b)(6)-like analysis, could, at minimum, plausibly support the application of the intentional tort

exception to the exclusive remedy provision. *Mo-Vac Serv. Co., Inc. v. Escobedo*, 603 S.W.3d 119, 130 (Tex. 2020) ("For the intentional tort exception to the exclusive remedy to apply, the employer must believe that its actions are substantially certain to result in a particular injury to a particular employee.").  Accordingly, Pegaso was not improperly joined as a defendant.

2.18    Thus, by merely citing the exclusive remedy provision of the Texas Workers' Compensation Act without applying any of the pleaded facts to Texas Workers Compensation law, the Removing Defendants have failed to meet their heavy burden of establishing that Pegaso was improperly joined. As a result, the forum defendant rule also precludes removal in this case, which should be remanded back to Texas state court.

### III.    PRAYER FOR RELIEF

3.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court grants his motion for remand and remands this action to the 385th Judicial District Court of Midland County, Texas. Plaintiff further prays for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

[Signature on Following Page]

8

Respectfully submitted,

**AMARO LAW FIRM**

R. James Amaro
SBN: 24036134
Christopher L. Gadoury
SBN: 24034448
Matthew A. Elwell
SBN: 24082962
2500 E. T C Jester Blvd., Ste. 525
Houston, Texas 77008
(713) 864-1941 tel.
(713) 864-1942 fax
fax@amarolawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing instrument was served on June 30, 2025, by causing this document to be filed with the Court's CM/ECF program which will provide notice to at least the following parties and counsel:

*Via CM/ECF*
Michael Shane O'Dell
Alyse Cicio Burks
NAMAN, HOWELL, SMITH, & LEE, PLLC
1300 Summit Ave., Suite 700
Fort Worth, Texas 76102
*Attorneys for Defendants Old Dominion Freight Line, Inc. and Wesley Hudson*

Christopher L. Gadoury

9